UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE INVACARE DERIVATIVE LITIGATION | ) ) ) ) ) | Case No. 11-CV-1893 (DAP) |

## ORDER AND FINAL JUDGMENT

This matter came for hearing on July 9, 2012 (the "Settlement Hearing"), on the application of the Settling Parties to determine whether the terms and conditions of the Stipulation of Settlement dated June 1, 2012 (the "Stipulation") providing for the settlement (the "Settlement") of all claims asserted by Plaintiffs City of Lansing Police and Fire Retirement System and Colleen Witmer ("Plaintiffs"); defendants Gerald B. Blouch, Aaron Malachi Mixon III, Joseph B. Richey II, Michael F. Delaney, Dan T. Moore III, William M. Weber, James L. Jones, Jr., C. Martin Harris, Dale C. LaPorte, James C. Boland, and Charles S. Robb (the "Individual Defendants"); and nominal defendant Invacare Corporation ("Invacare" or the "Company," and together with the Individual Defendants, the "Defendants"; and together with Plaintiffs, the "Parties" or the "Settling Parties") in the above-captioned shareholder derivative litigation (the "Consolidated Action") now pending in this Court should be approved; and whether judgment should be entered dismissing the complaints on the merits and with prejudice, and releasing the Released Plaintiffs' Claims as against all Released Defendant Parties.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was filed as an exhibit to a Form 8-K with the United States Securities and Exchange Commission and posted, along with a copy of the Stipulation, on Invacare's corporate website.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

2. This Court has jurisdiction to enter this Judgment. This Court has jurisdiction over the subject matter of the Consolidated Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. This Court hereby finds that notice of the Settlement was provided pursuant to and in the form and manner directed by the Preliminary Approval Order and that the form and manner of notice given to Shareholders are hereby determined to have been the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled to receive such notice in compliance with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4. Pursuant to and in compliance with due process, this Court hereby finds that the notice provided advised persons and entities in interest of the terms of the Settlement, of Lead Counsel's intent to apply for attorneys' fees and reimbursement of litigation expenses incurred in connection with the prosecution of the Consolidated Action, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities in interest to be heard with respect to the foregoing matters. Accordingly, it is hereby determined that all Shareholders are bound by this Judgment entered herein.

5. This Court finds that this action is properly maintained as a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure on behalf of Invacare and that Plaintiffs City of Lansing Police and Fire Retirement System and Colleen Witmer fairly and adequately

represented the interests of Shareholders similarly situated in enforcing the rights of Invacare. Plaintiffs' Counsel is authorized to act on behalf of Shareholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

6. This Court finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Invacare and its Shareholders, and hereby approves the Settlement as set forth in the Stipulation. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties, and with the assistance of M. Neal Rains, Esq. of Frantz Ward LLP acting as a mediator. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The complaints in the Demand Made Action and the Demand Futility Action are hereby dismissed with prejudice and without costs except for the payments expressly provided for in this Judgment, the Stipulation, the Preliminary Approval Order, and/or any order entered by this Court regarding Lead Counsel's request for attorneys' fees and expenses.

8. Upon the Effective Date, the institution and prosecution of any other derivative action in any court and in any jurisdiction asserting any Released Plaintiffs' Claims against any of the Released Defendant Parties is permanently barred and enjoined.

9. Upon the Effective Date, Plaintiffs, Invacare, and each of the Invacare Shareholders, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have fully, finally and forever released, waived, discharged, and dismissed each and every of the Released Plaintiffs' Claims

against the Released Defendant Parties, and shall forever be enjoined from prosecuting any Released Plaintiffs' Claims against any of the Released Defendant Parties.

10. Upon the Effective Date, each of the Defendants and the other Released Defendant Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have fully, finally and forever released, waived, discharged, and dismissed each and every of the Released Defendants' Claims against the Released Plaintiff Parties, and shall forever be enjoined from prosecuting any Released Defendants' Claims against any of the Released Plaintiff Parties.

11. This Judgment, the Stipulation and any negotiations, proceedings or agreements relating to them shall not be offered or received against any of the Settling Parties as evidence of or construed as or deemed to be evidence of (a) any liability, negligence, fault, or wrongdoing of any of the Defendants, (b) a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement, (c) a presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged in the Consolidated Action or the validity of any of the claims or the deficiency of any defense that was or could have been asserted in the Consolidated Action, (d) a presumption, concession, or admission by Plaintiff of any infirmity in the claims asserted, or (e) an admission or concession that the consideration to be given hereunder represents the consideration which could be or would have been recovered at trial.

12. Nothing herein, however, shall prevent any of the Settling Parties from using this Judgment, the Stipulation, or any document or instrument delivered thereunder (a) to effect or

obtain Court approval of the Settlement; (b) to enforce the terms of the Settlement; or (c) for purposes of defending, on the grounds of *res judicata*, collateral estoppel, release, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, any of the Released Plaintiffs' Claims and any Released Defendants' Claims released pursuant to the Settlement.

13. This Court retains exclusive jurisdiction, without affecting in any way the finality of this Judgment, (a) over implementation and enforcement of the Settlement; (b) hearing and determining Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses; (c) enforcing and administering this Judgment; (d) enforcing and administering the Stipulation including any releases executed in connection therewith; and (e) other matters related or ancillary to the foregoing.

14. This Court finds that throughout the course of the Consolidated Action the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and any other applicable laws and rules.

15. This Court finds that the Consolidated Action has been properly maintained as a derivative action, and the Court finds that throughout the course of the Consolidated Action, the Consolidated Action was not brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, and there have been no violations or reason for sanctions under Rule 11 of the Federal Rules of Civil Procedure or similar rules or codes relating to the prosecution, defense, or settlement of the Consolidated Action.

16. This Court hereby approves Plaintiffs' Counsel's application for attorneys' fees and expenses as set forth in the Stipulation as fair and reasonable under the circumstances of this litigation. Accordingly, this Court grants Lead Counsel's fee and expense application in its

entirety and awards $1,300,000 to Lead Counsel for attorneys' fees and expenses, and finds that such award is fair and reasonable. Payment shall be made on behalf of Invacare in accordance with the terms of the Stipulation and subject to any refund or repayment obligations of Plaintiffs' Counsel in accordance with the terms of the Stipulation.

17. The Court approves the Special Awards in the amount of $10,000 in total to Plaintiffs based on the substantial benefits created through Plaintiffs' participation in the Consolidated Action. The Special Awards shall be paid out of the attorneys' fees and expenses awarded to Plaintiffs' Counsel and allocated to Plaintiffs by Plaintiffs' Counsel in accordance with the terms of the Stipulation.

18. In the event the Settlement is terminated or the Effective Date cannot occur for any reason, then: the Settlement shall be without prejudice, and none of its terms, shall be effective or enforceable except as specifically provided in the Stipulation; the Settling Parties shall be deemed to have reverted to their respective positions in the Consolidated Action immediately prior to May 30, 2012; and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if the Stipulation and any related orders had not been entered.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. This Court finds that no just reason exists for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: Cleveland, Ohio
       July 9, 2012

Honorable Dan A. Polster
UNITED STATES DISTRICT JUDGE